UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SHIRLY RAMOS,

        Plaintiff,

        v.                                      CAUSE NO.: 2:23-CV-329-TLS-APR

WALGREEN CO.,

        Defendant.

**OPINION AND ORDER**

On August 30, 2021, Plaintiff Shirly Ramos slipped and fell as she was walking down an aisle toward the checkout at Defendant Walgreen Co.'s Portage, Indiana, location. Her Complaint [ECF No. 5] alleges a premises liability claim against the Defendant. This matter is now before the Court on the Defendant's Motion for Summary Judgment [ECF No. 21] filed on January 15, 2025. The Plaintiff filed a response [ECF No. 31] on March 14, 2025. The Defendant did not file a reply, and the time to do so has passed. Because there are genuine disputes of material fact for the jury to decide, the Court denies the Motion for Summary Judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016)

(citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

## BACKGROUND AND MATERIAL FACTS

The Plaintiff arrived at the Defendant's Portage, Indiana, location at approximately twelve noon on August 30, 2021. Def. Ex. 1, 88:15–89:1, ECF No. 24; Compl. ¶ 3, ECF No. 5. She went there that day to purchase an item called Prevagen. Def. Ex. 1, 87:17–18. After entering the store, the Plaintiff began looking for the Prevagen, and a Walgreens employee asked the Plaintiff if she needed any help. *Id.* 89:7–12. The Plaintiff explained to the employee that she was looking for Prevagen, so the Walgreens employee walked with the Plaintiff to the back of the store where the Prevagen was located. *Id.* 89:12–14. The Plaintiff was able to retrieve two boxes of Prevagen from the shelf. *Id.* 89:13–14, 94:16. The Plaintiff then walked towards the front of the store where the checkout was located when she suddenly fell in an aisle with refrigeration coolers. *Id.* 44:22–45:13, 117:17–19, 126:6–11.

The Plaintiff testified that at the time of the incident there was sunlight coming through the windows, making the store bright but not too bright. *Id.* 44:20–45:9. The Walgreens

employee who had led the Plaintiff to the back of the store, followed the Plaintiff as she proceeded back towards the front of the store, walking a few feet behind the Plaintiff. *Id.* 94:16–20. In other words, the Walgreens employee was not leading the Plaintiff towards the front of the store. *Id.* 117:5–7. The Plaintiff does not know whether the Walgreens employee that was following her to the front of the store witnessed the fall. *Id.* 95:24–25.

In her deposition, the Plaintiff identified the upright refrigeration coolers in the image shown below on the left as the coolers that were in the area of her fall on the date of the incident. *Id.* 110:2–20; ECF No. 23, ¶ 23. The Plaintiff also identified the wet floor signs depicted below in the same picture on the left as the wet floor signs that were in the same location on the date of Plaintiff's fall. Def. Ex. 1, 110:16–24; ECF No. 23, ¶ 23. The signs stated CAUTION WET FLOOR along with the Spanish translation and the image of a stick figure slipping as shown on the right below. Def. Ex. 1, 110:16–24; ECF No. 23, ¶ 24.

 

ECF No. 23, ¶¶ 23–24.

The Plaintiff testified that she felt like there was a third cone that was in the area at the time of the fall. Def. Ex. 1, 120:2–17. And the Plaintiff explained in her Answers to Defendant's

3

Interrogatories that she noticed several cones as she walked down the aisle containing the commercial refrigeration coolers prior to the fall. Def. Ex. 2, Answer to Interr. No. 12, ECF No. 25. During her deposition, the Plaintiff testified that she did not notice the water on the floor before she fell. Def. Ex. 1, 119:8–9. She said, "I don't think I even noticed anything. I was just walking straight ahead." *Id*. 119:9–11. The Plaintiff also testified that she agreed that the water went all the way from where the cones were, as pictured in the photograph above, past the cones to where her fall happened. *Id.* 126:2–11.

## ANALYSIS

"Because this case is before [the Court] under diversity jurisdiction, state substantive law applies—here, that of [Indiana]." *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 570 (7th Cir. 2022). Under Indiana law, a plaintiff bringing a negligence claim must prove "three elements: 1) duty owed to plaintiff by the defendant; 2) breach of duty by allowing conduct to fall below the applicable standard of care; and 3) compensable injury proximately caused by defendant's breach of duty." *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017).

In this case, the Defendant does not dispute that the Plaintiff's status as a business invitee on the Defendant's property imposed a duty on the Defendant to exercise reasonable care for the Plaintiff's protection. *See Burrell v. Meads*, 569 N.E.2d 637, 639–40 (Ind. 1991) (describing duties owed by landowner); *Douglass v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990) (recognizing the common law duty of a landowner to maintain its property in a reasonably safe condition for business invitees).

Under this standard, the Defendant is

> subject to liability for physical harm caused to [its] invitees by a condition on the land if, but only if, [it]

4

      (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

      (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

      (c) fails to exercise reasonable care to protect them against the danger.

*Burrell*, 569 N.E.2d at 639–40 (quoting Restatement (Second) of Torts § 343 (1965)); *see Lowrey v. SCI Funeral Servs., Inc.*, 163 N.E.3d 857, 861–62 (Ind. Ct. App. 2021). "Whether a particular act or omission is a breach of duty is generally a question of fact for the jury. It can be a question of law where the facts are undisputed and only a single inference can be drawn from those facts." *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 466 (Ind. 2003) (cleaned up); *see Jakubiec v. Cities Serv. Co.*, 844 F.2d 470, 473 (7th Cir. 1988) ("Moreover, summary judgment is rarely appropriate in negligence cases due to the multitude of factual issues which need to be resolved by the jury.").

    "Under § 343, 'An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein.'" *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1265 (Ind. Ct. App. 2002) (quoting Restatement (Second) of Torts § 343, cmt. d). Regarding known or obvious dangers, Section 343A of the Restatement (Second) of Torts provides that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1); *see Lowrey*, 163 N.E.3d at 862 (applying § 343A). "The word 'known' means knowledge of the existence of

5

the condition or activity itself and also appreciation of the danger it involves." *Merrill*, 771 N.E.2d at 1265 (quoting Restatement (Second) of Torts § 343A, cmt. b).

In this case, the undisputed record shows that (1) on August 30, 2021, the Plaintiff slipped and fell on standing water on the floor of an aisle with refrigeration coolers at the Defendant's Portage, Indiana, location; (2) on the date of the Plaintiff's fall, there were at least two "wet floor" cones in front of the refrigeration coolers in the aisle where the Plaintiff fell, which stated CAUTION WET FLOOR along with the Spanish translation and the image of a stick figure slipping; (3) before she fell, the Plaintiff saw the cones, did not notice the water on the floor, and was walking straight ahead; (4) the water that the Plaintiff slipped on went from where the cones were, past the cones, to where her fall happened; (5) a Walgreens employee followed the Plaintiff as she proceeded down the aisle where she slipped and fell, walking a few feet behind the Plaintiff; and (6) the Plaintiff does not know if that employee witnessed her fall.

Thus, the undisputed record indicates that there was water on the floor in the aisle in front of refrigeration coolers and the Defendant placed near the water at least two cones with the warning CAUTION WET FLOOR and a stick figure slipping—though the Plaintiff slipped on water outside of the area of the caution cones. Also, the Plaintiff admitted that she saw the cones before she slipped and fell. Additionally, the Defendant does not dispute that it knew there was water on the floor in the aisle. As a result, the Defendant is liable for the Plaintiff's injuries only if the Defendant should have anticipated that the Plaintiff would fail to protect herself from slipping despite her knowledge of the caution cones and if, despite such, the Defendant failed to exercise reasonable care to protect the Plaintiff. *See Merrill*, 771 N.E.2d at 1265 ("Thus, Knauf is liable for Merrill's injuries only if Knauf should have anticipated that Merrill would fail to

6

protect himself despite his knowledge and if, despite such, Knauf failed to exercise reasonable care to protect Merrill.").

The Defendant argues that summary judgment is warranted because the Plaintiff cannot show that the Defendant failed to exercise reasonable care to protect the Plaintiff against slipping on the water that was on the floor of the aisle at its Portage location. In support, the Defendant points to the undisputed facts that it placed at least two CAUTION WET FLOOR cones near the area where the water was, the Plaintiff admits that she saw the cones prior to her fall, and the Plaintiff did not take any action to protect herself from slipping once she saw the cones. The Defendant also asserts that there is no evidence that the warning from the cones was inadequate.

In response, the Plaintiff argues that the cones did not constitute an adequate warning of the risk of the water that was on the floor of the aisle. The Plaintiff argues that the warning was inadequate because "there was standing water on the opposite side of the [aisle]" from where the cones stood. Pl. Resp. Br. 4, ECF No. 31. She also argues that "then reasonable care would have been to shut down that particular isle or at a minimum, place the wet floor signs in such a way that they outline or otherwise kept customers from walking into standing water." *Id.* Thus, the Plaintiff asserts that the issue of whether the caution cones constituted an adequate warning is for the jury to decide. The Court agrees with the Plaintiff.

The Court finds that, in viewing the facts and drawing all reasonable inferences in the light most favorable to the Plaintiff, a genuine dispute of material fact remains as to whether the Defendant breached its duty of ordinary care in its placement of the caution cones. This is because a reasonable jury could conclude that, given that the Defendant did not place the caution cones in a way that encompassed all the water or that blocked the path through the water, the Defendant's placement of the caution cones was not adequate to warn its invitees that there was

water on the floor in the aisle where the Plaintiff slipped. On the other hand, a reasonable jury could also conclude that, given that the Plaintiff saw the caution cones before she fell, the Defendant fulfilled its duty of reasonable care by placing at least two caution cones near the standing water.[1] Because there is more than one reasonable inference from the undisputed record, the issue of whether the Defendant's placement of the caution cones constituted an adequate warning is an issue of fact for the jury to resolve. *See Humphrey v. Love's Travel Stops & Country Stores, Inc.*, No. 13-CV-235, 2014 WL 1729095, at *3 (W.D. Wis. Apr. 30, 2014) (denying summary judgment on the plaintiff's negligence claim under Wisconsin negligence law, which is similar to Indiana negligence law, when "a fact issue remain[ed] as to whether defendants failed to exercise ordinary care in their placement of the wet floor cones when viewing all facts and drawing all reasonable inferences in a light most favorable to Humphrey" because at least two reasonable but contrary inferences could be drawn from the evidence).[2]

Even if its breach of duty based on an inadequate warning could be found to have caused the Plaintiff's injury, the Defendant additionally argues that it is entitled to summary judgment because the Plaintiff acted with greater negligence than the Defendant. Under Indiana law, "[i]n an action based on fault that is brought against . . . one (1) defendant . . . the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose

---

[1] While the Defendant cites *Dukes Health System, LLC v. Seifried*, 55 N.E.3d 393 (Ind. Ct. App. 2016), in doing so the Defendant violates Indiana Appellate Rule 65(D) because *Dukes Health System, LLC* is an unpublished, noncitable memorandum decision cited by the Defendant for persuasive value and not to establish res judicata, collateral estoppel, or law of the case. Ind. R. App. P. 65(D) ("Unless later designated for publication in the official reporter, a memorandum decision is not binding precedent for any court and must not be cited to any court except to establish res judicata, collateral estoppel, or law of the case. However, a memorandum decision issued on or after January 1, 2023, may be cited for persuasive value to any court by any litigant."). Thus, the Court does not consider the persuasive value of *Dukes Health System, LLC v. Seifried*.

[2] Thus, the Court need not address the Plaintiff's argument that the Walgreens' employee failed to warn the Plaintiff.

8

fault proximately contributed to the claimant's damages." Ind. Code § 34-51-2-6(a)(1). As with determining negligence, determining "[c]ontributory negligence is generally a question of fact and is not an appropriate matter for summary judgment 'if there are conflicting factual inferences.'" *Funston v. Sch. Town of Munster*, 849 N.E.2d 595, 599 (Ind. 2006) (citation omitted). An exception is "where the facts are undisputed and only a single inference can reasonably be drawn therefrom." *Id*. (citation omitted).

In this case, the Court finds that there are conflicting factual inferences regarding the apportionment of negligence that could reasonably be drawn from the evidence in the record. A reasonable jury could conclude that the Plaintiff's negligence in failing to take protective action after spotting the caution cones was less than the Defendant's negligence in placing the cones in a way that did not encompass all the water or that did not block a route through the water. On the other hand, a reasonable jury could also conclude that the Plaintiff's negligence was greater than the Defendant's given that she saw at least two caution cones and took no precautions to protect herself from slipping. Thus, this is the kind of issue that Indiana law dictates the jury must decide as a question of fact. *See Humphrey*, 2014 WL 1729095, at *4 (denying summary judgment on the plaintiff's contributory negligence claim under Wisconsin contributory negligence law, which is similar to Indiana contributory negligence law, when "[a] reasonable jury could conclude that Humphrey's negligence in failing to spot the wet floor cones was not so great as defendants' negligence in their placement[] . . . [or] that Humphrey's negligence was greater given that he passed within a few feet of a cone").

Accordingly, the Court denies the Defendant's Motion for Summary Judgment.

9

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant's Motion for Summary Judgment [ECF No. 21].

Pursuant to 28 U.S.C. § 636, this case is REFERRED to Magistrate Judge Andrew P. Rodovich for the purpose of holding a settlement conference.

SO ORDERED on August 13, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT